Thank you, Your Honor. May it please the Court, Mark Sinanti on behalf of the appellant, I'd like to reserve two minutes just for some brief rebuttal. This matter comes to the Court on a motion to dismiss for failure to state a claim that was granted. There's two counts of alleged violations of the FDCPA from the filing of a time-barred debt. The first count involves a collection letter that was sent that contained an implied threat to file suit on a time- barred debt. The second count involved the actual filing of the lawsuit on the time-barred debt. The defendants moved to dismiss, arguing that there was because there was no Oregon precedence that the UCC limitations period applied to the deficiency amount due after the sale of collateral that a plausible claim for relief could not be stated under either count one or count two without plaintiff additionally alleging that there was no good faith belief on behalf of the defendants or that the defendants knew or should have known that the limitations period has lapsed. Plaintiff's position is that or appellant's position is that what the court required and what defendants argued essentially adds a new layer to pleading the claim. Particularly when the court found that the limitations period applicable to the claims exerted against appellants was the four-year limitations period and that the claims asserted in the lawsuits filed were in fact barred. I'd like to... Would you agree with me that the states are all over the place on this issue on whether you can try to collect a time-barred debt under the Fair Debt Collections Practices Act? I don't think the states are all over the place. I think it's almost uniformly held that if it's time-barred, you can't... It's a violation under the FD... If the debt's time-barred, it's a violation under the FDCPA to file a lawsuit to collect that or to threaten that. What about Missouri? Don't they say that it's okay to do that? Well, I think the courts that have said it's okay say that the obligation is still... The right has not been eliminated, but the remedy has. And so that's where you get into things like reviable by partial payment. But as far as the Missouri State Court and whether or not you can file a lawsuit as a litigant and not considering the FDCPA, is that what you're asking, Your Honor? Yes. So I think the state... I just want to make sure I'm visiting from Missouri. I think I got that from the Georgia football game with Mizzou there, Your Honor. So I think that if what you're saying is, are there... In state court, is it permissible for a litigant to file a time-barred claim? And there are states that allow that. And for instance, there's many states essentially require the time-barred complaint and that defendant to raise the applicable limitations period as a bar to the claim, as an affirmative defense. So as far as federal court litigation involving consumers in the filing of time-barred claims, I think that the circuits have almost uniformly found that while it even if it's permissible, the filing of a time-barred lawsuit against a consumer by a debt collector violates E-2, at a minimum E-2 and likely D and potentially E-5 and E-10 of the FDCPA. And the FDCPA in that regard, in particular with E-2, does not permit a debt collector to misrepresent the legal status of a debt. So notwithstanding the fact that some states have affirmative defense, have statute of limitations as affirmative defenses, there's a few states that have, that eliminate both the right and the remedy. That's not what I think is an issue in the pleading here. There wasn't the, the district court did not find that if a state, if under state law, it's legally permissible to file the lawsuit and then be subject to an affirmative defense based on the statute of limitations, it wouldn't be a violation of the FDCPA. I'm sorry Judge Gould. I don't want to pre-term it. Okay, well my question is this, and let me know if I'm off base in this question. But it seems to me that, and speaking as only one panel judge, not for the panel, but just for myself, that in a case where the statute of limitations was established in state law, or reasonably indicated in the prior state law, then I would tend to think that other federal courts, other circuits, would have agreed that to attempt to collect that debt when the established state law said it was time barred, that that could be an unfair or deceptive practice under the FDCPA or a misrepresentation indirectly. However, is there any federal appellate court decision or any published federal district court decision that says that in the absence of governing state law, that a court in diversity can set the, make its decision on what the state law should be, and then claim, and then say that the attempt to collect that debt was a misrepresentation? Your Honor, I think you're correct about the universal application of the FDCPA to a state, where state law is clear, and filing of a time barred lawsuit, that alleged, where the question is unsettled, those have all been decided, with the exception of maybe one case, on the basis of a bona fide error. That is, that the debt collector undertook an assessment about whether or not the claim was time barred, and then that good faith belief that it may not have been time barred, was set up as a defense. We don't believe that there's, that that defense could be shown as far as an attack on the complaint. I think there's one district court that found that if it's not clear under state law, it wouldn't support a claim under the FDCPA. So, other than that, this is the only other case that I'm aware of, that carried a requirement that the plaintiff must allege, not only that the limitations period has expired, but that no other particular limitations period may have applied, and part of that, I believe, is important in reviewing count two, particularly under E2, the district court found that under E5, a threat doesn't include the actual taking of the action, but in the second amended complaint, we added copies of the actual complaint that was filed, and the actual complaint that was filed made no reference to what defendants argued was the applicable or potential limitations period that could have applied to the debt. That is a statutory realization on the, after the sale of the collateral. If you look at the state court complaints that were actually filed by the defendants in this matter, they all alleged a breach of contract. They actually alleged that the contract was a loan, that there was a balance owed of arising out of the failure to pay, and attached copies of the retail installment contract for the vehicles in question, and there is controlling state law that a retail sale of goods is governed by the four-year limitations period, regardless of whether there's nomenclature of a different claim, and we cited that in our briefs, at least under Oregon law, I think it's Mormon Manufacturing versus Hull, where the appellate court applied the four-year limitations period to an account-stated claim that arose out of an original sale of goods. So that's what we alleged in the federal court complaint. The federal court said that, found that the applicable limitations period to our claim was the four-year limitations period, but then dismissed the complaint because we don't state a plausible claim without alleging that that's the only limitations period that could have applied to the debt. And we think that there's no, I'm not aware of any courts that have decided we have to allege, additionally, that some other unknown limitations period, at least up front in the complaint, could never have applied to this claim. It seems like it's a legal question, not a factual question in some sense. I mean, is it an issue of what you allege in the complaint, or is it a question that you can just research in the law about what the statute of limitations is? Well, I think respondents have alleged in their brief and in their motions that we have to allege that defendants neither knew nor should have known, or either knew or should have known, that the limitations period applicable to their claim expired, which is kind of a negligence standard. I agree on the position about whether or not it's a question of law, but if it's a question of law, then it's not something that's subject to a motion to dismiss. We've alleged that the four-year limitations period applied. We've attached the complaint showing that they filed a lawsuit for breach of contract, and we've attached the real estate purchase and sale contract that shows a sale of goods. So as a matter of law, arguing that which limitations period applies, we've stated our claim. If the issue is, well, we believe a different limitations may apply, that's a matter of avoidance, not a matter of our pleading. And what the court required us to do is say that, well, look, as a matter of law. What if we researched the issue and decided that really it's a 10-year statute of limitations? I mean, is the fact that you alleged four-year enough? I think it is a question that could be decided as a matter of law, what the statute of limitations is. And that's something that could be done in a motion to dismiss stage, couldn't it? Correct, except that the court found that the four-year limitations period applied. If the court had found a 10-year limitations period applied, our claim should be dismissed because then it's timely. Right. So the court says four-year, but we're on appeal now. So we I think we have to decide whether the court was right unless unless the issue is conceded at this point, which it may be, actually. Sure. If the if this court finds that a different limitations period applies, then I agree. And it's it's longer than than four years or if it's six years, then I agree. The complaint would be dismissed on grounds not raised. But as a matter of law, I don't I agree with that. If the court includes that, I don't know if that was raised in respondent's brief that the trial court got it wrong at all. So that's that's why you had me a little bit there. Right. It's just an odd thing, because I think you're right. As far as I know, I'll ask your opposing counsel, but I don't think they really are contesting this four-year statute of limitations at this point. But if we have to adopt a general rule for how this should work in a situation where it wasn't conceded, we may have a debatable situation. And then you might have a question. Is it enough for us to decide on appeal that it actually was time barred for there to be a violation? Correct. Your Honor, I think that there has to be some decision about whether or not the claim was time barred. In one of the claims, we actually had an arbitration decision where the arbitrator found it was time barred and then the debt collector didn't appeal. And the other one, the debt collector just dismissed. But I think that the court is in a position to decide what limitations period applies. And then our position is as long as that limitation period is four years, because we know which limitations period should apply. Once that conclusion is made, it's not up to us to plead around what defense the defendants may have about their good faith belief that some other limitations could apply. But it's your position that if we decide it was time barred, then there's a violation and you would need further proceedings later on an affirmative defense about the bona fide. Correct. And whether state a mistake, a state law could form a bona fide air defense. But that's a we don't think we're in a position to do that because they filed a motion to dismiss saying we have to plead not only that that the claim was time barred, but now no other plausible limitations period could have applied to that claim. And you think by doing that, they waive the bona fide air defense. Is that what you mean? No, I think they could raise it later on remand. I see my time is about up, so I'll conclude now. Thank you. Dave, Billy. Hello, your honors, I'm Kelly, who do I represent defendants, Cascade Capital LLC and Borden, Ellworth and Tanner PC defendants ask this court to affirm the trial court's dismissal of plaintiff's second amended complaint and hold that the FTCPA does not prohibit debt collectors from filing litigation where the timeliness of the lawsuit turns on the resolution of an open question of state law. Defendants also ask the court to hold that the FTCPA does not require disclosures to consumers about open questions of state law that may affect the outcome of debt collection proceedings. This is a question of what the FTCPA itself requires. There is no allegation that defendants misunderstood what the FTCPA itself requires. The mistake of law alleged by the plaintiffs is a mistake of Oregon law. But in this case, there's no question that there is no law prohibiting someone from bringing an open question of law into a state court for resolution. There's no Oregon law that prohibits it. There's no federal law that prohibits it. The question is, let me ask you the same question that I asked your opposing counsel and I brought up Missouri because there's seems like there's some states that have not resolved that. And that's what gives us what I understand your good faith belief that your clients had a good faith belief this was an open question. Is that fair? Yes, your honor, the good faith belief is that Oregon has never ruled on which of two potentially applicable statutes of limitation might apply to a debt like this one. And there is nothing in Oregon that stops a debt collector from bringing that argument to a state court to ask for the answer. And there's nothing about the FDCPA that prohibits it either. In this case, there is an Oregon Court of Appeal decision. I mean, there is some Oregon law on this. You just think it's not enough to make the issue clear. Your honor, the only Oregon Court of Appeals decision answered the question of whether in a excuse me, after the possession of collateral securing collateral under Article 9, which is the same situation we have here. Would an action for the surplus be subject to a four year or six year statute of limitations? So in this case, what we had were deficiency balances after the cars were sold, after the vehicles were sold, the debt, the debt was not fully resolved. There was still there was still money left owing. In the Court of Appeals decision, it was the opposite. The after the vehicles were sold, the collector had received more money than what was owed on the debt. In that case, the Oregon Supreme Court ruled that a six year, the longer statute of limitations applied to the action on a surplus. Now, what was not raised or argued by either party at the district court level was what actual statute of limitations does apply to these debts. There is substantial legislative history that was not raised or briefed for the court. The court was not asked to make that decision because it is defendant's position that so long as the question is an open one as a matter of law, then the FDCPA cannot and does not prohibit a debt collector from bringing that debt into court because there is an argument as a matter of law. That the debt is collectible and sentenced to school, if I may interject a question, please. If if the parties are agreed that the Oregon law is unsettled on this issue, then what are the pros and cons on the question whether our panel should certify the question of what is the applicable limitation statute to the Oregon Supreme Court? Is that what they would say irrelevant to the answer to this case, or is it pertinent and controlled? Your Honor, it is irrelevant at this stage in the proceedings, although if this court were to rule that the FD that the FDCPA question turns on what the state law is at that point, it would become relevant to whether or not the statute of limitations had actually expired. But at this point in the proceedings, there is no indication that Congress, when it enacted the FDCPA, intended to make it a violation of the FDCPA to bring an open question of law about the statute of limitations into a state court for resolution one way or another. There is no misrepresentation about the legal status of the debt because the legal status of a debt subject to an open question of law is not merely unknown, it is unknowable. And that is a key difference between this case and cases which have found that where the statute of limitations clearly has expired, there is an FDCPA violation. It is not knowable at the time that a lawsuit is filed where there's an open question of law, which way the court will rule. And the Supreme Court has in, I believe it was Jensen, when it decided that litigators, litigating attorneys in the course of litigating clients could be subject to the FDCPA, was very clear that simply losing a lawsuit is not enough to show an FDCPA violation, simply losing a collection lawsuit. Is it your position that the statute of limitations for this debt is still unclear? Because I guess I didn't get that from your brief. I thought you were essentially arguing that at the time the letter was sent, it was unclear, but you were no longer contesting that it's four years. Your Honor, defendants have not raised that issue on appeal at this time. However, on the first motion to dismiss, defendants objected to the trial, to the magistrate's ruling that the four-year statute of limitations applied. The district court declined that objection. On the second motion to dismiss, defendants again raised the objection to any finding having been made as to the appropriate statute of limitations, because this is defendant's motion to dismiss. And defendant's theory on the motion to dismiss is that where an open question of law exists at the time that the lawsuit is filed, there can be no FDCPA violation. In terms of the Kaiser case, Your Honors, that matter for purposes of Mr. Kaiser's debt has been resolved. The trial court ruled that the four-year statute of limitations applied to Mr. Kaiser's debt, and it dismissed that lawsuit. As far as Ms. Lowen's debt goes, the defendants voluntarily dismissed that collection suit with no ruling having been entered. As far as what statute of limitations ought to apply or does apply to these debt broadly, it is still an open question of law, and it is one that defendants did not ask the court to resolve, has not yet asked the court to resolve. But I think you just told us, so it's the Kaiser case that we still have before us on appeal, right? That is one of the two cases, yes, Your Honor. So, well, the other one, okay, well, let's look at the Kaiser case. So, the Kaiser case that's before us on appeal, I think you just said it's resolved that the statute of limitations is four years. So, if that's true, why should we not take, it sounds like you're not contesting that. So, if we believe the statute of limitations is four years, then this debt was time barred, and I'm not sure how we can hold otherwise at this point. You're not even contesting that really anymore. We are not contesting that the Oregon trial court ruled for purposes of Mr. Kaiser's debt. That's true. There was no appeal of that decision. It's important to recall that in many of these collection actions, we're talking about very small sums of money, and the fact that a decision is not appealed is not a It may be based simply on the fact that when we're talking about very small dollar amounts, the expense of appeal is not warranted. That is not the same as conceding that the trial court got it right, which defendants in this case do not concede. However, they do concede that it has been resolved for, that question has been resolved for purposes of Mr. Kaiser's debt only. The trial court's ruling is not finding precedent for any other case. But we have the Kaiser case in front of us, so shouldn't we, at this point, assume that the statute of limitations is four years for the Kaiser case that's before us? This, for purposes of this action, a four year statute of limitations ultimately was applied to Mr. Kaiser's debt. But at the time that the letter at issue was sent and the collection issue, the That limitations period was not known to defendants and was not knowable. It is and was an open question of law. In Oregon, we deal with the fact that our court has a strict liability approach to the FDCPA. Does it matter whether you knew if there's strict liability? Yes, Your Honor, because the question is what? What does the FDC, what does the FDCPA say about the conduct at the time that it occurred? So we do not look to subsequent determinations to determine if defendants conduct violated the FDCPA. Under plaintiff's theory, we do not know if a debt collector filing a lawsuit has violated the FDCPA at the time the lawsuit is filed or based on any discovery in that lawsuit. That question can only be answered subsequently when a ruling comes down. And if the state court determines this is the plaintiff's theory, if a state court determines that a limitations period has in fact expired, then according to plaintiffs, we would look backward to the time when the lawsuit was filed and determined that it violated the FDCPA. On the other hand, if the state court determines that the action was timely, then no violation occurred. That's different than strict liability, which is at the moment of the defendant's conduct. Was that conduct in violation of the law? So let's talk about the letter. I mean, I think what you just said makes sense when we think about the lawsuit claim, but there's also the letter. So we often decide issues of state law because on diversity we have to. So this FDCPA claim has an embedded issue of state law. Why shouldn't we decide whether the letter was collecting on a time bar debt at the time it was sent and there's strict liability for that violation? This, again, Your Honor, goes back to whether this is a matter of a fact that is mistaken, a fact that is wrong, a fact that is disregarded, or whether it is a matter that is not knowable at the time of the conduct. Plaintiffs filed a first amended complaint and a second amended complaint. In the first amended complaint, plaintiffs alleged, made the conclusory allegation that defendants knew or should have known that the debt was a time bar. Defendants challenged that because there was no factual support. The plaintiffs in their first amended complaint did not identify the source of the limitations period that applied, and they did not identify any facts that would allow the court to infer that defendants should have known that this limitations period had expired. The district court granted the motion to dismiss and returned it, or excuse me, and allowed plaintiffs to replead because the FDCPA does not have any provision that prohibits filing a lawsuit where the potential limitations period may not have expired and does not However, plaintiffs argued that defendants misrepresented the status of the statute of limitations matter, and so the district court allowed repleating so that plaintiffs could introduce the communications at issue and they could be reviewed to see if defendants misrepresented the fact that there is a potentially open question of state law or there is an open question of state law. Those communications were introduced, but when plaintiffs repleaded the second amended complaint, plaintiffs abandoned the new or should have known standard. And instead of alleging that defendants made any misrepresentation of any kind about the open question of law in Oregon, plaintiffs instead argued that where there is an open question of law, a lawsuit may not be filed without disclosing the open question of law to a consumer. As defendant's brief explains, the general rule of the adversary system in this country does not require one party to make a disclosure about a legal theory to their adversary. However, there are certain limited exceptions, but where those exceptions exist, they are stated explicitly, and the fact that the disclosure is required is included in the law. That's true of the FDCPA. The FDCPA does require certain disclosures to a consumer. It requires disclosures about the original predator. It requires disclosures about balance of payments. All of those are contained in 1692G is where you'll find them set out in the most detail. There are other disclosures we require, such as the fact of failing to respond to requests for admission. But if one looks at the relevant state or federal rules of procedure relating to a disclosure for a request for admission, the fact that the disclosure is required is explicitly stated, and so is the language that's required. Under the FDCPA, under virtually every statute where a disclosure is required, the law says so, and it says what must be disclosed. The FDCPA contains nothing analogous to that to suggest that a debt collector, and I see to disclose a potential affirmative defense or legal theory that may affect the outcome of the debt collection litigation. Absent such an affirmative requirement by Congress, defendants ask that this court not read that into the FDCPA. Thank you, Counsel. Thank you, Your Honor. Mr. Pesonante, on my screen, something's blocking your camera. Oh, is that? That might have been my... Sorry about that. Your Honor, just briefly, a couple of points I'd like to make is that plaintiff's second amended complaint attaches the collection complaints, as identified earlier, that both alleged a breach of a contract. They didn't allege, as defendants argued at the trial court level, realization on the security interest. The collection complaint, the second amended complaint also alleged that it was a misrepresentation of the legal status and a threat to take a legal action that couldn't be taken by threatening to file a lawsuit on a time-barred claim. Plaintiff's allegation is not that once the trial court figures out, determines what the limitations period applies, then we know whether or not somebody made a misrepresentation. Our point is that one limitations period applied to the claim that was alleged and to the debt that was alleged. That limitations period expired. The filing of a time-barred lawsuit violated the FDCPA, as well as the threat to file a time-barred lawsuit. Counsel, if I could interject a question. Yes. For your side of the case that may be out in left field. So just tell me if it's totally irrelevant. But if we were to hold that debt collectors can be liable when they had no knowledge that a debt they owe was time-barred and no reason to know that at the time of their action. If we were for sake of argument to hold that, then would that have the inescapable or probable effect ultimately to increase the cost of credit for ordinary people who buy things on credit and incur debts? I don't think that's a relevant consideration, but I also don't believe that would be true because debt collectors are downstream collectors, not the original creditor who would set interest rates. So downstream collectors have either, they're either in an agency relationship or they've purchased the debt. They are not, and original creditors are not generally, not generally subject to the FDCPA. Right. But if the downstream creditor, like a debt collector, gets charged penalties when they had no reason to know they were heading down the wrong trail, then in that case, wouldn't they start, wouldn't debt collectors start to charge the initial creditor more money for their services? Then wouldn't that end up causing credit costs to go up? Unlikely, Your Honor. I think most debt collectors charge a percentage basis, and from the original creditor standpoint, by the time it gets to a downstream collector, it's written off. It's a zero charge. They haven't collected anything, and they're generally not liable to pay the debt collectors what their liability may be. So, and to be more to the point, we're not asking the court to hold as a matter of law that they're liable. We're just asking the court to say we've pled a plausible claim because the limitations period has expired, and that we don't have to allege affirmatively that no other unknown limitations period to plaintiff at the time the lawsuit's filed may have applied. That's all we're, that's all we're asking the court to do at this point. It would be a matter of essentially a defense, and even if you don't call it a bona fide or defense, what defendant's really arguing is an avoidance. Once the court's decided what limitations period applies, and defendant hasn't argued that if the limitations period is barred, and let's say it's clearly barred, that plaintiff does not have a claim. What they've said is we have to, we actually have to plead around the claim, and also plead that they should have known, and that they knew, and that's really requiring plaintiff to plead an avoidance to our claim. Our claim is pretty simple. You either misrepresented the character of the debt, or the legal status of the debt, or misrepresented that you could take a legal action that you couldn't legally take, which limitations period was clearly passed, and ask us to say, does that mean that it's your position that the issue should be hammered out in the context of the scope of a bona fide error? Potentially, because then we would get to the issue about whether or not an error of state law is a defense, but we haven't even gotten to that point. It should at least be tied to the framework of an affirmative defense, as in sure the limitations period has been barred, but these are our defenses. For instance, there could be a tolling issue, and again, what defendants are doing is changing this from a strict liability standard, and changing the FDCPA to say we need a special rule applicable to litigation. Congress declined to do. There's no special litigation protection. The only limitations on litigation is there's an exception to an initial pleading not being a communication subject to a G notice, but we're not asking the court to find a violation here. We're asking the court just to say we plausibly pled a violation without having to plead that there's no other limitations period that possibly could have applied, and what's important on that in the second amended complaint is that they filed a breach of contract claim, and they argued to the district court that the other plausible limitations period that could have applied is a statutory claim under the UCC-9, not a breach of contract claim, and it's something that was never alleged by the debt collectors. And what Ms. Huddlepole said about, well, we didn't appeal the trial court because the balance was so small, there's a lot that could be read into that as in the debt collectors, all they need to do is keep filing the same lawsuit at six years, hope for as many defaults as they can get. These are things that we've outlined in our brief, a 90% default rate, and we never get a decision from the appellate court, so we can never be sued over it. Okay, counsel, one final question is that do you take the position now that there can be a bona fide error on a question of state law, or do you just not yet feel that you need to weigh in on that? I don't think we need to weigh in on it. I'm not going to beat around the bush. If such a defense is raised, we would argue that an error of state law does not establish a BFE defense, but when they haven't even alleged whatever affirmative defenses they have, I'm in an impossible position to evaluate those, so it's just premature. That's it. Fair enough. Okay, thank you. Thank you. So, unless Judge Boo or Judge Friedland have a question, let me just say the parties here should be commended for bringing us one of the trickiest, most difficult questions we could imagine, and it's often the case that when we see cases coming out of the state of Oregon, and I guess I'll be vain and say also the state of Washington, that we have tough issues and we have great lawyers. So, we appreciate both the advocates' very fine presentations. Thank you, Your Honor, and thanks for your consideration. Without further ado, the Kaiser case shall be submitted. Thank you. Thank you, Your Honor.
judges: Gould, Friedland, Bough